**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |  |
|---|---|---|
| **DIANNA DYCHES** | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | **Civil Action No. 4:15-cv-00150** |
|  | ) | |
| **RECEIVABLE SOLUTIONS, INC.** | ) | |
| Defendant, | ) | |
|  | ) | |

**COMPLAINT**

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by plaintiff Dianna Dyches, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**PARTIES**

2. Plaintiff Dianna Dyches (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Lamar County, in the state of Texas.

3. Defendant <u>Receivable Solutions, Inc.</u> (hereinafter "Defendant") is a citizen of the United States of America and is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the following County and state: <u>Richland County</u>, in the state of <u>South Carolina</u>.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

6.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

7.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

8.  Sometime before March 5, 2015, Plaintiff, Dianna Dyches, allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection call(s) to Plaintiff prior to March 5, 2015; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Within one year prior to the filing of this complaint, Defendant has continued to call Plaintiff looking for payment for an alleged debt, despite the fact that Defendant has claimed it is looking for the deceased husband of Plaintiff named 'Anthony C. Dyches', who unfortunately passed away on September 9, 2013.  Defendant has continued to call and harass Plaintiff, though she has told it many times that she is not her deceased husband; that he is deceased; and that Defendant needs to stop calling her; and that these continued calls greatly distress her.  Defendant has seemingly refused to do so, and continues to call Plaintiff in attempts to collect on the alleged debt from her; one of those continued calls occurring on or around November 6, 2014.  The conduct by Defendant that is stated above was all in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692c(a)(1); § 1692d, and § 1692f.  These were communication(s), as defined under 15 U.S.C. § 1692a(2).

## SUMMARY

13.  All of the above-described collection communications made to Plaintiff Dianna Dyches by this individual Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein, and were also an invasion of her privacy.

14.  The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, and it was also an invasion of her privacy.

15. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which this debt was collected by this Defendant.

16. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of emotional distress, upset, amongst other negative emotions.

17. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## RESPONDEAT SUPERIOR LIABILITY

18. The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff Dianna Dyches as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

19. The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, this individual Defendant and these other debt collectors were motivated to benefit their principal; Defendant.

21. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

22. Plaintiff repeats, realleges, and incorporates the averments contained in all of the above paragraphs of his complaint as though fully set forth herein.

23. Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable costs and attorney fees.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

26.  Plaintiff Dianna Dyches repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

28.  In enacting the FDCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Plaintiff, and to place restrictions on unconsented telephone calls that are not for emergency purposes that are placed to individuals for commercial purposes, and by imposing obligations upon debt collectors, such as Defendant, to not continue to place any calls to a consumer, who has told a debt collector such as Defendant not to call and/or that such calls would inconvenience them and/or are prohibited, in violation of FCC regulations.

29.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

30. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully continuing to attempt to collect an alleged debt from Plaintiff, and thereby invaded Plaintiff's privacy.

31. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully continuing to contact her without invitation and/or her express consent, or it being for emergency purposes, after she gave it reason to know that this would be unacceptable or that such conduct would harass and/or annoy her, and that she was not the true debtor; and thereby invaded Plaintiff's right to privacy.

32. Defendant and/or its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Plaintiff to pay on it, which amounted to conduct to intentionally and maliciously harass, inconvenience, bother, frustrate, agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon Plaintiff's right to privacy.

33. Upon information and belief, Defendant and its agents had knowledge of the FDCPA and what is lawful action under it prior to calling Plaintiff, yet they continued to contact her in an illegal manner.

34. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

35. The conduct of this Defendant and its agents, in engaging in the above-described illegal debt collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

36. All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

37. As a result of such an intrusion and invasion of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

38. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.  Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and for the invasion of Plaintiff's privacy, in amounts to be determined at trial and for Plaintiff.

B.  Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C.  Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D.  For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**  US Const. amend. 7. Fed.R.Civ.P. 38.

Dated:  March 5, 2015

RESPECTFULLY SUBMITTED,
Consumer Rights Law Firm, PLLC

By: /s/ Kevin Crick
Kevin Crick, Esq.
Consumer Rights Law Firm, PLLC
133 Main St., Second Floor
North Andover, Massachusetts 01845
Telephone: (978) 420-4747
Fax: (888) 712-4458
Email: kevinc@consumerlawfirmcenter.com
Attorney for Plaintiff Dianna Dyches